**TIMOTHY MICHAEL HESTON**                                                      **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 1:20-cv-00048-GNS

**WARREN COUNTY, KY, et al.**                                               **DEFENDANTS**

---

### MOTION TO DISMISS & MEMORANDUM IN SUPPORT THEREOF

Come the Defendants, Glenn Todd Dalton, Leslie T. Moses, David Craig Reed, Michael Rogers, Richard Sanders, Shelby Slone, and Darren Stapleton, in their individual capacities (hereinafter collectively referred to as "newly-added Defendants"), by counsel, pursuant to FRCP 12(b)(6), and move the Court to dismiss the Amended Complaint because it fails to state a claim and is barred by the statute of limitations.[1] In support of this motion, the newly-added Defendants state as follows:

### A. BACKGROUND

This is a 42 U.S.C. § 1983 civil rights action against Warren County, Kentucky, and its jail employees, and former Trooper Aaron Tucker for Plaintiff Heston's alleged treatment after an arrest and incarceration on March 17, 2019. (DN 1 Complaint; DN 47 Amended Complaint at ¶ 5, PageID #: 473). Heston asserts federal claims of excessive

---

[1] "While the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

force, conspiracy, liability under *Monell*, and the ADA, and asserts state-law claims of assault and battery, intentional infliction of emotional distress, respondeat superior, and indemnification. (DN 47 at pgs. 15 – 22, PageID #:  486 – 493).  Heston filed his original complaint on March 16, 2020, and amended his complaint on January 23, 2023, to add the Defendants herein alleging a claim of negligent hiring. (DN 1 Complaint; DN 47 Amended Complaint at ¶121 – 149, PageID #: 494 - 499).

## B. <u>STANDARD</u>

Dismissal is proper under Federal Rule of Civil Procedure 12(b) when, after resolving all doubts and inferences in favor of the non-moving party, it is evident that no relief may be granted consistent with the allegations in the complaint.  *Miller v. Currie*, 50 F.3d. 373, 377 (6th Cir. 1995); *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). However, the Court need not accept as true legal conclusions or unwarranted factual inferences.  *Blackburn v. Fisk University*, 443 F.2d. 121, 123 (6th Cir. 1971).  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Mezibov v. Allen*, 411 F.3d. 712, 716 (6th Cir. 2005).  When evaluating a motion to dismiss under FRCP 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Applying the above standards to the present case, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and is barred by the statute of limitations.

## C. <u>SUPPLEMENTAL JURISDICTION</u>

In a civil action of which district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims so related to the original jurisdiction claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). A court may decline to exercise this supplemental jurisdiction if it has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). A district court possesses discretion, however, to exercise supplemental jurisdiction even when the state-law claims are all that remain in the case. *Saglioccolo v. Eagle Insurance Co.,* 112 F.3d 226 (6th Cir. 1997).

The Sixth Circuit has recognized the propriety of deciding state-law claims when there is a "substantial similarity between the predicate factual findings necessary to the resolution of both the federal and state claims." *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1413 (6th Cir. 1991) (citing *Province v. Cleveland Press Publishing Co.,* 787 F.2d 1047 (6th Cir. 1986)). The U.S. Supreme Court has held that a district court has the power to exercise jurisdiction over pendent state-law claims if the following conditions are met: (1) the court must have subject matter jurisdiction of the federal claim, (2) the state and federal claims must derive from a common nucleus of operative fact, and (3) the claims must be such that the plaintiff would ordinarily be expected to try them in one judicial proceeding. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Transcontinental Leasing, Inc. v. Michigan National Bank,* 738 F.2d 163, 165–66 (6th Cir. 1984). The Plaintiff's newly-added state-law claim meets these conditions.

The Plaintiff has asserted claims under 42 U.S.C. § 1983 that his Constitutional rights have been violated by his arrest and treatment. That this Court has original jurisdiction over Plaintiff's § 1983 claims cannot be disputed. 28 U.S.C. § 1331 (where original jurisdiction is conferred on this Court for matters "arising under the Constitution, laws, or treaties of the United States."). The newly-added state-law claim, alleging that the newly-added Defendants knew or should have known that Defendant Tucker would behave in the manner alleged and were allegedly negligent in hiring him, is derivative of the federal claims and is based on the same facts as the federal claims. Thus, the second condition of common nucleus of operative fact is satisfied. Finally, the third condition is satisfied as evidenced by the fact that the Plaintiff filed his claims in the same proceeding and could be expected to use similar, if not the same, evidence and witnesses for both federal and state claims. Because Heston's newly-added state-law claim meets these conditions, this Court should exercise its supplemental jurisdiction to dismiss it for failure to state a claim and as barred by the statute of limitations.

## D. <u>ARGUMENT</u>

The Amended Complaint fails to state a claim of negligent hiring and is barred by the statute of limitations. (1) Six of the seven newly-added Defendants have no hiring authority by law. (2) The derivative statute of limitations for the new claim is one year and is not tolled under the doctrine of fraudulent concealment via the response to the subpoena duces tecum. (3) The Defendants were either retired, not served with the subpoena, not involved with responding to the subpoena, and/or worked at another location from where the subpoena was served/responded to. (5) The five year statute of

limitations is inapplicable because the intentional infliction of emotional distress claim

is precluded by the traditional intentional tort claims: §1983, assault, and battery.

**1. Heston Fails to State a Negligent Hiring Claim Against the Six Defendants Who Had No Hiring Authority by Law**

State agencies such as the Department of the Kentucky State Police are created by

statute and are limited to the powers the Legislature grants to it by statute. KRS 12.020,

Section II, subdivision 1(a); *N. Kentucky Area Dev. Dist. v. Snyder*, 570 S.W.3d 531, 533

(Ky. 2018) ("'[A]dministrative agencies have no inherent authority and may exercise

only such authority as may be legislatively conferred.'"); *Louisville and Jefferson Co.*

*Planning Commission v. Schmidt*, 83 S.W.3d 449, 460 n.14 (Ky. 2001) ("'Powers not

conferred are just as plainly prohibited as those which are expressly forbidden[.]'").

As a matter of law, only the Commissioner of the Department of Kentucky State

Police may appoint (hire) a Trooper. KRS 16.050(1). Heston states that Defendant Aaron

Tucker was appointed by Richard Sanders, the Commissioner of the Department of

Kentucky State Police in June 2018. (DN 47-3, PageID #: 747–748). The attached

personnel orders show that Richard Sanders was appointed as the Commissioner on

April 1, 2016, and resigned on November 23, 2019.[2] (Certified personnel records

---

[2] "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (approving of trial court's reference to plaintiff's previous complaint against Fruit of the Loom for its fraudulent financial documents, to determine if current accountant defendant's actions of fraudulently certifying those financials could have been discovered earlier); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (noting the

attached hereto as Exhibit 1 at pgs. 3-4). Thus, only Defendant Sanders had the power to hire a Trooper in June 2018.

Under Kentucky law, a negligent hiring claim is based on the exercise of reasonable care (and alleged lack thereof) in the hiring of employees. *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 732 (Ky. 2009). A basic premise of liability is that the defendant must have performed some action for which liability can be imposed. "To start, '[e]ach defendant's liability must be assessed individually based on his own actions.'" *Pollard v. City of Columbus, Ohio*, 780 F.3d 395, 402 (6th Cir. 2015). Here, only one of the newly-added Defendants had the authority under the law to hire employees. Where the other six newly-added Defendants[3] had no authority to perform that act,

---

exception to the general rule that matters outside the pleadings are not considered when ruling on Rule 12(b)(6) motions: "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. . . . Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Polyone Corp. v. Westlake Vinyls, Inc.*, No. 5:18-107-TBR, 2019 WL 238018 at *1 (W.D. Ky., Jan. 16, 2019); *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (where court took judicial notice of security video surveillance from underlying criminal case when ruling on Rule 12(b)(6) motion in § 1983 case challenging search based on allegedly false description in affidavit for search warrant; the court also noted that the preliminary hearing transcript from the criminal case was a type of public record that could have been used, but was not relevant because it occurred after the affidavit was prepared).

Personnel records here are a matter of public record, available to the public, certified by the records custodian, and represent government documents of a reliable source that a court can properly, judicially notice. *Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 425 (Ky. 2010); FRE 201, FRE 803(6), (8); FRE 901(b)(7); FRE 902(11).

[3] Glenn Todd Dalton, Leslie T. Moses, David Craig Reed, Michael Rogers, Shelby Slone, and Darren Stapleton.

then Plaintiff Heston fails to state a claim of negligent hiring against them, and such claim must be dismissed.

**2. Heston's Claim Against All Seven of the Newly-Added Defendants is Barred by the Statute of Limitations**

Heston's claim against the newly-added Defendants is negligent hiring. (DN 47 at pgs. 22 – 28, PageID #: 493 – 499). This is a derivative claim, so the statute of limitations is based on the underlying claims against the subordinate. *Porter v. Sergent*, No. 5:19-cv-455-KKC, 2020 WL 4495465 at 10 (ED Ky.); *Kendall v. Godbey*, 537 S.W.3d 326, 335 (Ky. App. 2017). Here, the claims against former Trooper Tucker are federal claims of excessive force and conspiracy, and state-law claims of assault and battery, and intentional infliction of emotional distress. (DN 47 at pgs. 15 – 22, PageID #:  486 – 493). The federal claims and the state-law claims of assault & battery have a one-year statute of limitations. *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004); *Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *Gibson v. Slone*, No. 10-cv-145-ART, 2011 WL 2009815 at *1 (E.D. Ky.). The state-law claim of intentional infliction of emotional distress is discussed below in part D.(4). starting on page 10.

The negligent hiring claim accrued "'at the same time as the common law [ ] claim[s] upon which [they are] based.'" *Porter v. Sergent*, No. 5:19-cv-455-KKC, 2020 WL 4495465 at 10 (ED Ky. Aug. 4, 2020) (citing *Hoskins v. Knox Cty., Kentucky*, No. CV 17-84-DLB-HAI, 2018 WL 1352163, at *21 (E.D. Ky. Mar. 15, 2018)); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (where federal §1983 claims and state-law claims of false arrest, assault, and battery accrued on day of arrest). Here, the underlying claims against

Defendant Tucker accrued at the time of the arrest on March 17, 2019. (DN 47 Amended Complaint at ¶ 5, PageID #: 473). Heston filed his original complaint against Tucker on March 16, 2020, but he did not amend his complaint to add the new seven Defendants until January 23, 2023, which is 1,408 days after the claim accrued and 1,043 days after the original complaint was filed. Thus, Heston's negligent hiring claim, filed 3.85 years after the claim accrued and 2.85 years after the original complaint, must be dismissed as untimely under the one-year statute of limitations.

**3. Alleged Faulty Subpoena Production by Others is Not Fraudulent Concealment that Tolls the Statute of Limitations Where the Subpoena Was Not Addressed to or Served on Any of the Seven Newly-Added Defendants and Four of those Defendants Were Retired/Resigned at the Time of Production or Worked in a Different Location than Subpoena was Served**

Plaintiff Heston alleges that an incomplete response to a subpoena duces tecum constitutes fraudulent concealment that tolls the statute of limitations under KRS 413.190(2). (DN 47 at ¶144 – 149, PageID #: 498-499). Fraudulent concealment, however, does not toll the limitations period unless the defendant named was actually involved/participated in the "concealment." KRS 413.190(2). *Porter v. Sergent*, 2020 WL 4495465 at 10 (ED Ky.); *Kendall v. Godbey*, 537 S.W.3d 326, 335 (Ky. App. 2017); *Wright v. Swigart*, 2018 WL 565824 (Ky. App.). The burden is on Heston to prove the named Defendants were involved, which he cannot do here because the subpoena was not addressed to or served on any of the newly-added Defendants, the Defendants were not responsible for the production – as evidenced by Heston's attorney addressing any problems with production to the agency's General Counsel, also three of the newly-

added Defendants were retired or working at a different location by the time the subpoena was served or initially responded to.

As the subpoena shows, it was not addressed to or served on any of the newly-added Defendants. (DN 47-4). It was addressed to the agency in the care of agency's General Counsel and served on June 16, 2020, via overnight delivery to State Police headquarters in Frankfort, Kentucky, and via electronic mail. (DN 47-4 at 1, 2). To address perceived problems with the documents received in response on July 6, 2020, Heston's attorney contacted the agency's General Counsel at headquarters in Frankfort, not any of the newly-added Defendants. (DN 47-6). Also three of the newly-added Defendants had retired by the time the subpoena was served or responded to in June and July 2020, and two of the newly-added Defendants worked in London, Kentucky, not at headquarters where the subpoena was served.

The attached personnel orders show that newly-added Defendant Slone retired on July 31, 2018, that newly-added Defendant Sanders resigned on November 23, 2019, and that newly-added Defendant Dalton retired on July 31, 2020. (Certified personnel records attached hereto as Exhibit 1 at pgs. 2-5; see also footnote 2, *supra* at pg. 5 re: judicial notice). Also, in June and July 2020, the date the subpoena was sent and responded to from headquarters in Frankfort, Defendant Dalton and Defendant Reed were assigned to work in London, Kentucky. (Exhibit 1 at pg. 6); https://www.sentinel-echo.com/news/post-11-welcomes-new-commander/article_144c8884-5b83-11e4-a22c-0b875ed5c0e3.html; https://www.sentinel-echo.com/news/local_news/ksp-post-11-commander-todd-dalton-retires/article_f925fe77-afb7-58a2-bc66-e318c18b91b5.html;

Post 11 location is London, see http://kentuckystatepolice.org/post11/. All of this

information is public record, can be taken judicial notice of, and can be obtained

through an open records request. *Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 425 (Ky.

2010); FRE 201, FRE 803(6), (8); FRE 901(b)(7); FRE 902(11); (see footnote 2, *supra* at pg.

5).

None of the seven newly-added Defendants were served with the subpoena or

involved in responding to the subpoena, especially ones who had retired and left the

agency, and/or did not work at headquarters. The burden is on Heston to prove that

these individuals were served with or responded to the subpoena, yet Heston's own

Amended Complaint and exhibits fail to support his assertion that these individual

Defendants did so. Thus, fraudulent concealment does not toll any statute of limitations

here with regard to the seven newly-added Defendants.

**4. The Five Year Statute of Limitations for the Intentional Infliction of Emotional Distress Claim Does Not Apply Because this Claim is Unavailable Under Kentucky Law - It is Derivative of the Other Intentional Tort Claims and Subsumed by Them**

The Kentucky statute of limitations for an intentional infliction of emotional

distress claim is five years. Plaintiff Heston, however, fails to state such a claim because

the actions complained of are subsumed by the specific tort claims *B.L. v. Schumann*, 380

F.Supp.3d 614, 643-644 (W.D. Ky. 2019); *Craft v. Rice,* 671 S.W.2d 247, 251 (Ky. 1984).

Under Kentucky law, a plaintiff cannot pursue an emotional distress claim when

it is based on the same conduct addressed by traditional tort claims, including claims

such as other §1983 claims. Kentucky law has established a very high threshold for

intentional infliction of emotional distress claims. *Stringer v. Wal-mart Stores Inc.*, 151 S.W.3d 781, 789 (Ky. 2004)); *Young v. City of Radcliff*, 561 F. Supp. 2d 767, 794 (W.D. Ky. 2008) (where a Radcliff man incorrectly targeted/investigated as a shoplifter, and shot in course of arrest did not state sufficient claim of intentional infliction of emotional distress under Kentucky law). A claim for intentional infliction of emotional distress is "a 'gap-filler' tort intended to provide a remedy when no other tort is adequate[.]" *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. App. 1999). Kentucky generally treats claims of intentional infliction of emotional distress as unavailable if "an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed." *Rigazzio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298–99 (Ky. App. 1993) ("where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, … for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie."); *Walker v. City of Lebanon, Ky.*, 3:12-CV-855-H, 2013 WL 6185402 at *9 (W.D. Ky. Nov. 25, 2013); *Hoskins v. Knox County, Ky.*, No. CV 17-84-DLB-HAI, 2018 WL 1352163 at *23 (E.D. Ky. Mar. 15, 2018).

The United States Court of Appeals for the Sixth Circuit agrees: "As for his claims of negligent or intentional infliction of emotional distress, the court found that under Kentucky law, there is no viable cause of action for these torts when she had raised essentially identical claims under traditional torts as discussed above." *Stemler v. Florence*, 350 F.3d 578, 584–85 (6th Cir. 2003). The "traditional torts" referred to in

*Stemler* included, "assault and battery[.]" *Id*. Thus, Kentucky law does not permit an

intentional infliction of emotional distress theory to proceed when another tort theory

may provide a ground for relief. *See Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012).

Nonetheless, "[t]he tort of outrage is still a permissible cause of action, despite the

availability of more traditional torts, as long as the defendants solely intended to cause

extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky.

2011). But "[w]hen the claim of emotional distress is a supplement to another tort claim,

such as false imprisonment, the burden of showing sole intent cannot be met." *Lovins v.*

*Hurt*, 2011 WL 5592771 at *3 (E.D. Ky.). This unavailability of an intentional infliction of

emotional distress claim under Kentucky law to plaintiffs who have asserted §1983

claims has been consistently applied and should be applied here to dismiss this claim.

In *Estep v. Combs*, 366 F.Supp.3d 863 (E.D. Ky. 2018), Jack Estep, a Harlan County

man, was arrested by Fish and Wildlife Conservation Officer Steve Combs when Mr.

Estep interfered in the officer's investigation. The arrestee's claims against the officer

included false arrest, excessive force, and intentional infliction of emotional distress.

The case was removed to federal court where the U.S. District Court for the Eastern

District of Kentucky dismissed the intentional infliction of emotional distress claim

because it derived from the false arrest claim:

> While Estep also claims that Combs "intentionally and
> deliberately inflicted upon Plaintiff emotional distress by"
> committing the various other alleged torts, [ ] the emotional
> distress alleged is derivative of "the other actions brought
> against [Combs]." *Lovins*, 2011 WL 5592771, at *3.
> …

> Here, the Complaint makes clear that emotional distress is not the crux of the torts alleged, but rather deprivation of liberty and the injuries to Plaintiff's wrists are. *Childers*, 367 S.W.3d at 582 ("If the emotional distress were the gravamen of the tort, then damages for the distress could be recovered, but only through a claim for intentional infliction of emotional distress, and only if the conduct were outrageous and the emotional distress severe."). Estep alleges "extreme emotional distress" as a "direct and proximate result of the [other] wrongful actions of Defendant Combs[.]" DE 1-1, at 10. The Court, even granting Plaintiff the favorable reading required at this stage, can only read the emotional distress claim "as an element of damages" arising out of the other torts. *Childers*, 367 S.W.3d at 582. When an Outrage claim is based on "the *same* emotional distress" resulting from other alleged torts, Kentucky law prohibits recovery for the stand-alone emotional distress tort.

*Estep v. Combs*, 366 F.Supp.3d at 887.

In *Woosley v. City of Paris*, 591 F. Supp. 2d 913 (E.D. Ky. 2008), Paris Police Officers broke up an altercation on the plaintiff's lawn, which resulted in the plaintiff, Mr. Woosley, being tased and arrested. Mr. Woosley sued the officers, but the federal trial court dismissed the emotional distress claim because it was derivative of his other claims, which included assault and battery and false imprisonment: "[a]s Plaintiff's theory involves 'one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, 'the tort of outrage will not lie.'" *Id.* at 923; *see also Vidal v. Lexington Fayette Urban County Government*, 2014 WL 4418113 (E.D. Ky.) (where intentional infliction of emotional distress claim was dismissed because of more traditional torts such as false arrest provided an emotional remedy); *Carter v. Porter*, 617 F.Supp.2d 514, 519-520 (E.D. Ky. 2008) (where arrested motorist's intentional

infliction of emotional distress claim was dismissed because it was subsumed by false imprisonment and malicious prosecution claims).

In *Young v. City of Radcliff*, 561 F. Supp. 2d 767 (W.D. Ky. 2008), a Radcliff man was incorrectly targeted/investigated and arrested as a shoplifter and ended up being shot during a mistaken exchange of gunfire with the police. The man asserted several claims including §1983 claims and Kentucky state law claims, including intentional infliction of emotional distress. But even with the assertion that he was incorrectly arrested and subsequently shot, the Court dismissed this claim against the officers because it was not sufficient for a claim of intentional infliction of emotional distress under Kentucky law. *Id.* at 794.

In the case before this Court, Heston's intentional infliction of emotional distress claim is derivative of his §1983 claims of excessive force, conspiracy, and state-law claims of assault and battery. Therefore, the intentional infliction of emotional distress claim is unavailable as a separate claim under Kentucky law.

In describing this claim, Heston makes no specific factual allegations about the claim, but rather, after reciting the "facts" of the arrest and use of force, stating his claims for excessive force, conspiracy, and assault and battery, he then states:

> 110. In the manner described more fully above, the Defendants intentionally and impermissibly harmed and wounded Michael Heston.
>
> 111. Defendants' actions set forth above were rooted in an abuse of power or authority.
>
> 112. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability

that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

113. The misconduct described in this Count was intentional and undertaken with malice, willfulness, and reckless indifference to the rights of others.

(DN 47 at pg. 21, PageID #: 492). In Heston's words, his distress is a direct and proximate result of his arrest and the physical force allegedly used upon him. This is the same basis for the §1983 excessive force and conspiracy claims and the state-law assault and battery claims. (DN 47). The Amended Complaint makes it clear that Heston's claims arise from the arrest use of force by former Trooper Tucker. Therefore, "any emotional distress suffered by [the Plaintiff] was incident to the commission of the intentional torts of assault and battery by the" Defendant. *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298 (Ky. App. 1993). Thus, the distress claim is derivative of the traditional tort claims, is unavailable under Kentucky law, and such a claim's statute of limitations is inapplicable here.

## E. <u>CONCLUSION</u>

Wherefore, the Defendants, Glenn Todd Dalton, Leslie T. Moses, David Craig Reed, Michael Rogers, Richard Sanders, Shelby Slone, and Darren Stapleton, in their individual capacities, move the Court to dismiss the Amended Complaint because it fails to state a claim of negligent hiring and is barred by the statute of limitations. Six of the seven newly-added Defendants have no hiring authority by law. The derivative statute of limitations for the new claim is one year and is not tolled under the doctrine of fraudulent concealment. The Defendants were either retired, not served with the

subpoena, not involved with responding to the subpoena, and/or worked at another location from where the subpoena was served/responded to. The five year statute of limitations is inapplicable because the intentional infliction of emotional distress claim is precluded by the §1983, assault, and battery claims.

Respectfully submitted,

/s/ Amber Arnett
Alea Amber Arnett
Department of Kentucky State Police
Legal Services Branch
919 Versailles Road
Frankfort, KY 40601
(502) 782-2163
(502) 573-1636 facsimile
Alea.Arnett@ky.gov
*Counsel for Glenn Todd Dalton, Leslie T. Moses, David Craig Reed, Michael Rogers, Richard Sanders, Shelby Slone, and Darren Stapleton, in their individual capacities*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2023, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide service to the following CM/ECF participants:

Amy Robinson Staples, Esq.
LOEVY & LOEVY
*18 Village Plaza, PMB 181
Shelbyville, KY 40065
amy@loevy.com
*Attorneys for Plaintiff Timothy Michael Heston*

Jon Loevy, Esq.
Mike Kanovitz, Esq.
Elliot Slosar, Esq.
Margaret Campbell, Esq.
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
jon@loevy.com
mike@loevy.com
elliot@loevy.com
Campbell@loevy.com
*Attorneys for Plaintiff Timothy Michael Heston*

Christian Matthew Feltner, Esq.
CALDWELL & FELTNER LAW OFFICES, PLLC
P.O. Box 3073
London, KY 40743
606.521.7043
mattfeltner@kcmmlaw.com
*Attorney for Defendant Aaron Tucker*

*Aaron D. Smith, Esq.*
*Charles E. English, Jr., Esq.*
*John A. Sowell, Esq.*
*ENGLISH, LUCAS, PRIEST & OWSLEY, LLP*
*1101 College Street*
*Bowling Green, KY 42102*
*270.781.6500*
*asmith@elpolaw.com*
*cenglish@elpolaw.com*
*jsowell@elpolaw.com*
*Attorneys for Defendants Warren County, Melissa Causey & Andrew Cooper*

/s/ Amber Arnett
Alea Amber Arnett