UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00048-GNS-HBB

TIMOTHY MICHAEL HESTON                                                                    PLAINTIFF

v.

WARREN COUNTY, KENTUCKY et al.                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 56). The motion is ripe for adjudication. For the outlined reasons, the motion is **GRANTED**.

### I.     SUMMARY OF THE FACTS

In March 2019, Plaintiff Timothy Michael Heston ("Heston") was walking on the side of the interstate in Bowling Green, Kentucky, when he encountered Kentucky State Police ("KSP") Trooper Aaron Tucker ("Tucker"). (Am. Compl. ¶¶ 28-29, DN 47). Tucker then arrested Heston and transported him to Warren County Regional Jail. (Am. Compl. ¶ 30). After their arrival but before entering the jail, Tucker allegedly punched and kneed Heston repeatedly, despite Heston being handcuffed. (Am. Compl. ¶¶ 31-35). Tucker later falsified a report about the events. (Am. Compl. ¶¶ 41-44).

Heston initiated this action and alleged, *inter alia*, that Defendants Shelby Slone ("Slone"), David Craig Reed ("Reed"), Michael Rogers ("Rogers"), Leslie T. Moses ("Moses"), Darren Stapleton ("Stapleton"), Glenn Todd Dalton ("Dalton"), Richard Sanders ("Sanders"), and Brad Arterburn ("Arterburn") (collectively "Moving Defendants") negligently hired Tucker in 2018.[1]

---

[1] The negligent hiring claim is the only contested cause of action asserted against the Moving Defendants.

(Am. Compl. ¶¶ 122-138). Heston alleges that Moving Defendants knew or should have known, before hiring Tucker, that he: (1) was not hired by KSP in 2011, 2013, 2014, and 2015; (2) was not hired by the Somerset Police Department in 2013; (3) not hired by the Burnside Police Department in 2013 and 2016; (4) was served with or subject to a domestic restraining order; (5) had a history of shooting and killing animals; and (6) was banned from being a substitute teacher at one school after a verbal argument with a student. (Am. Compl. ¶¶ 24, 122-138).[2] Moving Defendants move to dismiss the claim. (*See* Defs.' Mot. Dismiss, DN 56).[3]

## II. JURISDICTION

The Court exercises subject-matter jurisdiction over this action based upon federal question jurisdiction and supplemental jurisdiction over the state-law claims. 28 U.S.C. §§ 1331, 1367(a).

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). A pleading which offers only labels, a formulaic recitation of a claim's elements, or generalized

---

[2] Heston alleged, but has abandoned, a claim of intentional infliction of emotional distress, which will be dismissed. (Am. Compl. ¶¶ 109-114; Pl.'s Resp. Defs.' Mot. Dismiss 6 n.4, DN 58); *see Bradley v. Jefferson Cnty. Pub. Schs.*, 598 F. Supp. 3d 552, 566-68 (W.D. Ky. 2022).

[3] Aterburn moves to join the present motion to dismiss, which inclusion is unopposed. (Def.'s Mot. Join, DN 63; Pl.'s Resp. Def.'s Mot. Join 1, DN 64). As such, the motion to join is granted.

2

assertions without factual support does not meet this burden. *Iqbal*, 556 U.S. at 678. Facts "'merely consistent with' a defendant's liability" or that "do not permit the court to infer more than the mere possibility of misconduct" are inadequate, as it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citations omitted).

### IV. DISCUSSION

A claim of negligent hiring under Kentucky law requires that: "(1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement . . . at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citing *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. App. 1998)); *accord M.T. v. Saum*, 3 F. Supp. 3d 617, 628 (W.D. Ky. 2014). This inquiry "focus[es] on the direct negligence of the employer which permitted an otherwise avoidable circumstance to occur" and "require[s] that an employer use reasonable care in the selection . . . of its employees." *Ten Broeck Dupont*, 283 S.W.3d at 732, 734 (citing *Oakley*, 964 S.W.2d at 442). Moving Defendants claim only Sanders had the statutory authority to hire Tucker and that Heston's claim is untimely, so it must be dismissed. (Defs.' Mot. Dismiss 5-10). The second ground is persuasive, so the issue of hiring authority will not be addressed.

Kentucky law provides a one-year statute of limitations for actions involving injury to a plaintiff, and "an action is generally said to 'accrue' when the injury occurs." KRS 413.140(1)(a); *B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 642 (W.D. Ky. 2019) (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972)). A claim for negligent hiring is dependent upon and derivative to an underlying tort committed by a subordinate, so it accrues at the same time as the tort claim and is subject to the one-year statute of limitations. *See Ten Broeck Dupont*, 283 S.W.3d at 730; *Grise*

*v. Allen*, 714 F. App'x 489, 496 (6th Cir. 2017); *Boggs v. Appalachian Reg'l Healthcare, Inc.*, No. 7:20-CV-151-REW, 2021 WL 5413801, at *3 (E.D. Ky. July 16, 2021).

The events giving rise to this action occurred on March 17, 2019. (Am. Compl. ¶¶ 28, 31-40). Heston timely filed his Complaint in March 2020, but his first alleged claims against Moving Defendants were asserted in his Amended Complaint filed herein on January 23, 2023. Thus, the negligent hiring claim was filed nearly three years after the statute of limitations period expired in March 2020.[4] Heston does not dispute this conclusion; rather, he contends that the statute of

---

[4] While the parties do not address the relation back doctrine, its application must be considered as part of the Court's analysis. As this Court has explained:

> If a motion to amend a complaint is filed after the expiration of the statute of limitation, Fed. R. Civ. P. 15(c) allows an amended complaint to relate back to the original date of filing. "The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." *Shillman v. United States*, No. 99-3215, 221 F.3d 1336, 2000 WL 923761 (6th Cir. June 29, 2000). However, relation back is only available when changing a party because there was "a mistake concerning the proper party's identity."

*Est. of McMain ex rel. Bullock v. Noffsinger*, No. 4:19CV-00041-JHM, 2020 WL 1066995, at *2 (W.D. Ky. Mar. 5, 2020) (internal footnote omitted) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)). In this instance, Heston added new parties after the expiration of the statute of limitations. As this Court has noted:

> The Sixth Circuit has indicated a plaintiff's lack of knowledge about a defendant's identity "does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)[(1)(C)(ii).]" *Moore v. Hopkins Cnty.*, No. 4:17CV-00039-JHM, 2017 WL 3097530, at *3 (W.D. Ky. July 20, 2017) (quoting *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008)). "Stated differently, relation back is permitted under current Sixth Circuit law when a plaintiff seeks to correct a misnomer or effect the substitution of defendants but not when a plaintiff attempts to name an additional defendant whose identity is discovered after the statute of limitations expired."

*Id.* (alternation in original) (quoting *Moore*, 2017 WL 3097530, at *3. Thus, the relation back doctrine does not apply to the belated addition of Moving Defendants to this action whose identities may have been discovered after the expiration of the statute of limitations.

limitations was equitably tolled due to fraudulent concealment by the Moving Defendants.[5] (Am. Compl. ¶¶ 144-49; Pl.'s Resp. Defs.' Mot. Dismiss 9-17).

The fraudulent concealment doctrine tolls the statute of limitations for claims against a defendant who "conceal[s] himself or by any other indirect means obstructs the prosecution of the action . . . ." KRS 413.190(2); *see Munday*, 831 S.W.2d at 914 ("[T]his tolling statute is simply a recognition in law of an equitable estoppel or estoppel *in pais* to prevent fraudulent or inequitable application of a statute of limitation." (citing *Adams v. Ison*, 249 S.W.2d 791 (Ky. 1952))). As

---

[5] The Kentucky General Assembly has codified the doctrine of fraudulent concealment, which equitably tolls the statute of limitations, in KRS 413.190(2). *See B.L.*, 380 F. Supp. 3d at 643. The statute provides:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

KRS 413.190(2). The Kentucky Supreme Court has noted that the statute does not apply to "any other person not so acting [to conceal or obstruct the action], whether he is a necessary party to the action or not," which demonstrates the "plain meaning" of the tolling provision: fraudulent concealment only applies to a defendant who personally acts to conceal or obstruct. *See Lamb v. Holmes ex rel. A.L.*, 162 S.W.3d 902, 909 (Ky. 2005) ("[T]he 'plain meaning' of statutes controls when interpreting statutory language." (citation omitted)). Courts have reached similar conclusions and noted that KRS 413.190(2) "focuses on conduct by the defendant designed to prevent discovery of either the injury or the responsible party." *B.L.*, 380 F. Supp. 3d at 643 (citing *McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 19-20 (Ky. 1990)); *accord Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 439 (W.D. Ky. 1994) ("Under Kentucky law, Defendant would be estopped from asserting limitations *if he has induced Plaintiff's failure* to bring suit by fraudulent concealment. To constitute fraudulent concealment, *Defendant's action* must have prevented Plaintiff from inquiring into the action, or eluded Plaintiff's investigation, or otherwise mislead the Plaintiff." (emphasis added) (internal citation omitted) (citing *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961))); *Sneed*, 600 S.W.3d at 229 ("The purpose of the equitable tolling of the statute of limitations due to fraudulent concealment is to prevent a defendant from concealing the plaintiff's cause of action."); *Munday v. Mayfield Diagnostic Lab'y*, 831 S.W.2d 912, 914 (Ky. 1992) ("Ordinarily, proof of fraud requires a showing of an affirmative act by the party charged.").

such, a defendant cannot "assert[] the statute of limitations when the defendant has taken actions 'calculated to mislead or deceive and to induce inaction by the injured party.'" *B.L.*, 380 F. Supp. 3d at 643 (quoting *Adams*, 249 S.W.2d at 793); *accord Munday*, 831 S.W.2d at 914 ("[E]quitable estoppel . . . require[s] 'some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.'" (citation omitted)). A plaintiff must exercise reasonable diligence, once unobstructed, in pursuing his claims. *B.L.*, 380 F. Supp. 3d at 643 (citation omitted).

Heston served a subpoena on KSP in June 2020 seeking documents regarding Tucker's employment, including those related to hiring decisions. (Am. Compl. ¶ 145; *see* Am. Compl. Ex. 3, DN 47-4). KSP allegedly withheld numerous documents until Heston learned of and demanded them in July 2022. (Am. Compl. ¶¶ 146-47). Taking the allegations as true, however, Heston's negligent hiring claim against Moving Defendants would be time-barred, as the subpoena and KSP's purported obstruction did not occur until after the limitation period expired in March 2020. Thus, even if equitable tolling applied in this instance, the operative date would be June 2020, by which time the statute of limitations had passed.

Further, Heston does not provide any basis for granting equitable tolling during the three-month period after the expiration of the statute of limitations in March 2020 and before the subpoena was issued in June 2020, nor has he fully explained how he could not have reasonably known about the claim, notwithstanding the additional documents Heston obtained allegedly supporting his claim of negligent hiring. (*See* Pl.'s Resp. Defs.' Mot. Dismiss 9-17); *see also Sneed v. Univ. of Louisville Hosp.*, 600 S.W.3d 221, 229 (Ky. 2020) (affirming the denial of equitable tolling for fraudulent concealment when the plaintiff was aware of her claim, despite not receiving requested records, before the statute of limitations expired).

Heston does not allege that the Moving Defendants personally obstructed the disclosure of subpoenaed documents and acknowledges "Defendants would not have had access to [] Tucker's confidential personnel file . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 16). Rather, "KSP [was] the appropriate agency to subpoena for documents like personnel records" and Heston posits that KSP concealed the documents on behalf of the Moving Defendants. (Pl.'s Resp. Defs.' Mot. Dismiss 16; see Am. Compl. ¶¶ 144-149). Heston's contentions consist of only unsupported speculation and bare legal conclusions, however, which courts need not accept when reviewing a motion to dismiss. See Iqbal, 556 U.S. at 678; Tackett, 561 F.3d at 488. Therefore, absent an affirmative obstructive act attributed to the Moving Defendants, fraudulent concealment cannot properly serve to equitably toll the statute of limitations applicable to Heston's claims against them.[6] Accordingly, Heston's negligent hiring claim against Moving Defendants must be dismissed as untimely filed.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 56) and Defendant's Motion to Join (DN 63) are **GRANTED**. Plaintiffs' claims against Defendants Dalton, Moses, Reed, Rogers, Sanders, Slone, Stapleton, and Arterburn are **DISMISSED WITH PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

August 4, 2023

cc:    counsel of record

---

[6] Kentucky courts do not require an affirmative act to be alleged when a defendant has a legal duty to disclose. See Munday, 831 S.W.2d at 915; Emberton v. GMRI, Inc., 299 S.W.3d 565, 573-74 (Ky. 2009). Heston has not alleged Moving Defendants had such a duty. (See Am. Compl. ¶¶ 144-49; Pl.'s Resp. Defs.' Mot. Dismiss 9-17). Thus, "mere silence with respect to the operative fact is insufficient" for fraudulent concealment. Gailor v. Alsabi, 990 S.W.2d 597, 603 (Ky. 1999).