# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| TIMOTHY MICHAEL HESTON, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-CV-48-GNS |
| v. | ) |
| | ) JUDGE GREG N. STIVERS |
| WARREN COUNTY, ET AL | ) |
| | ) MAG. H. BRENT BRENNENSTUHL |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO BAR EXPERT TESTIMONY OF
DEFENDANT TUCKER'S WITNESS KYLE NALL**

NOW COMES the Plaintiff, Timothy Michael Heston, by his attorneys LOEVY & LOEVY, and respectfully files this Motion to Bar Certain Testimony of Defendant Aaron Tucker's non-retained expert, Kyle Nall. In support, Plaintiff states as follows:

## INTRODUCTION

Defendant Tucker's unretained expert witness Kyle Nall commits several of an expert witness's cardinal sins. Mr. Nall attempts to substitute, rather than aid, the jury's determination of liability. The jury will hear how a police trooper (Defendant Tucker) found a mentally ill man (Plaintiff) walking alongside a highway, believing machines had taken over his body, then proceeded to detain and, without provocation, brutally assault him. Defendant Tucker does not contest this factual backdrop, and instead, invokes his Fifth Amendment right against self-incrimination. While Defendant Tucker concedes liability, Nall seeks to interject irrelevant opinions into the trial while also invading the province of the jury. Nall's conclusions—couched as unretained expert opinions—characterize Defendant Tucker's actions as: (1) consistent with

1

Kentucky State Police policies and procedures; (2) not done maliciously nor in bad faith; (3) and ones that would not result in termination. Nall also seeks to inform the jury that "Plaintiff exhibited tendencies that were violent in nature" based upon inadmissible (and unsworn) statements by Defendant Tucker and provide prohibited credibility determinations and does so by relying upon inadmissible evidence. In the end, Nall's opinions regarding these interactions are not supported by the qualification, relevance, or reliability necessary to render him an expert. Further, presenting unsupported legal conclusions from an untrained expert like Mr. Nall would serve to confuse and prejudice a jury attempting to decide the ultimate issues of this case.

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence allows "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." F. R. Evid. 702. The purported expert's opinion must "have a reliable basis in the knowledge and experience of his discipline." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993). The proponents of the expert, here the Defendants, bear the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard by a preponderance of the evidence. *Nelson v. Tennessee Gas Pipeline Co.,* 243 F.3d 244, 251 (6th Cir. 2001).

# ARGUMENT

Defendant Tucker lists Kyle Nall as a non-retained expert to testify to a list of opinions. Dckt. 81 (Defendant Rule 26(2)(B) Non-Retained Expert Disclosures) at 2-3. Mr. Nall must be precluded from testifying as an expert because his opinions violate FRE 702.

## I. Federal Rule of Evidence 702 Bars Expert Testimony Providing a Legal Opinion

It is axiomatic that expert witnesses cannot provide legal opinions at trial. *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). Nall seeks to violate this basic principle by informing the jury that Defendant Tucker's: (1) "initial stop of the Plaintiff in this action was consistent with his training and KSP Policy and Procedure," Dckt. 81 at 2; (2) "arrest of the Plaintiff was consistent with KSP policy, procedure, and training," and (3) "actions were not malicious and/or in bad faith as discussed in Kyle Nall's deposition,"[1] Dckt. 81 at 3. In other words, that Defendant Tucker's actions with Plaintiff were constitutional. These are issues, however, for the jury to decide based on the instructions provided by this Court—not acceptable subjects for an expert.[2]

---

[1] Federal Rule 704 bars an expert witness from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b); *United States v. Arrow-Med Ambulance, Inc.,* No. 17-CR-73-JMH, 2018 WL 1902682, at *2 (E.D. Ky. Apr. 20, 2018). Indeed, those decisions "are for the trier of fact alone." Fed. R. Evid. 704(b). "Rule 704 prohibits testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *United States v. Watson*, 260 F.3d 301, 309 (3d Cir. 2001) (internal quotations and citations omitted); *see also Powell v. Tosh*, 942 F. Supp. 2d 678, 703 (W.D. Ky. 2013) ("A party's state of mind ... is not within the knowledge of any expert.") (internal quotations and citations omitted). In similar situations, several sister-courts have applied FRE 704 and rejected efforts by defense experts to "express stealth opinions regarding ultimate issues of the defendant's intent and the willfulness of his conduct." *United States v. Lawrence*, No. 2:11-cr-52-DCR, 2012 WL 2175760 at *4 (E.D. Ky. June 14, 2012).

[2] Defendant Tucker also seeks to have Nall testify to unknown topics mentioned in a memorandum he created at KSP and/or testified to in his deposition. But a party must disclose to the other party "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which

### A. Nall May Not Opine That Defendant Tucker's Initial Stop and Arrest Followed KSP Training, Policies, and Procedures

Mr. Nall seeks to opine that Defendant Tucker's conduct during his stop and arrest of Plaintiff were "consistent with his training and KSP Policy and Procedure." Dckt. 81 at 2. He further seeks to inform the jury that Defendant Tucker's "actions were not malicious and/or in bad faith." *Id.* This kind of testimony is improper because it goes beyond the bounds of providing helpful context or background on police practices and instead offers "legal conclusions based on [Nall's] interpretation of the application" of law to these facts. *Alvarado v. Oakland County*, 809 F. Supp. 2d 680, 690 (E.D. Mich. 2011). In essence, Nall's proposed testimony that Defendant Tucker's actions complied with "his training and KSP Policy and Procedure," would lead a jury to believe that such actions were legally permissible – the exact issue a *jury* is to decide. Because "it is the responsibility of the court, not testifying witnesses, to define legal terms," such testimony "invade[s] the province of the court." *Berry*, 25 F.3d. 1342, 1353–54. Accordingly, "a police practices expert may not testify about a legal conclusion with respect to a police officer's conduct." *Salter v. Olsen*, No. 18-CV-13136, 2020 WL 4331537, at *7 (E.D. Mich. June 8, 2020).

Courts across the country have consistently reached the same conclusion compelled here: that Nall's opinion testimony regarding Defendant Tucker's actions as having been consistent with his "KSP policy, procedure, and training" and were not "malicious and/or in bad faith" must be excluded. *See, e.g.*, *DeMerell v. City of Cheboygan*, 206 Fed. App'x 418, 426 (6th Cir. 2006) (expert opinion that "a reasonable officer would not have concluded…that there existed probable

---

the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Here, Defendant Tucker does not identify what topics he seeks to call Nall to testify to as an unretained expert witness. As a result, such areas should be prohibited. *Sanford v. Russell*, No. 17-13062, 2019 WL 2051986, at *2 (E.D. Mich. May 9, 2019)

cause" was an improper legal conclusion and so inadmissible); *Hubbard v. Gross*, 199 Fed App'x 433, 442–43 (6th Cir. 2006) (upholding decision to exclude expert testimony on whether reasonable force was used despite expert's credentials because it was a legal conclusion and within the competence of a lay jury); *Stuart v. United States*, 23 F.3d 1483, 1487 (9th Cir. 1994) (ruling district court's preclusion of expert testimony on the existence of probable cause was not abuse of discretion because trier of fact was qualified to make the determination); *Simuro v. Shedd*, 13-CV-30, 2016 WL 9526418, at *5 (D. Vt. Nov. 9, 2016) (excluding expert testimony "weav[ing] together the facts from the record that support his opinion that [defendant] had probable cause" because it "merely reiterates the facts from the record that will be presented by counsel in arguing their case" to state a legal conclusion); *Morgan v. Westhoff*, No. 05-CV-73583, 2006 WL 2474010, at *1 (E.D. Mich. Aug. 18, 2006).

Further, the Eight Circuit in *Estes v. Moore* held that "[w]hile the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law," and therefore an expert's opinion on whether probable cause existed is "not opinion testimony but rather [a] statement of a legal conclusion." 993 F.2d 161, 163 (8th Cir. 1993). Similarly, in *Gregg v. Hatmaker*, the court barred testimony by a police practices expert who intended "to testify that, in his opinion, there was probable cause" such that it was "lawful and appropriate" for defendant to procure a warrant. No. 11-CV-348, 2013 WL 714737, at *1–2 (E.D. Tenn. Mar. 15, 2013). The court went on to observe that these were simply legal conclusion applied to the expert's interpretation of the facts: "[T]hese opinions weigh the evidence, find the facts, apply the law as [the expert] sees it, and resolve the case," and therefore "do not assist the jury. [R]ather, they supplant the jury. They are inadmissible as legal conclusions." *Id.* at *3–4. In short, it is well-established in this Circuit and beyond that an expert may not testify to legal

5

conclusions. Because Nall's opinions that Defendant Tucker's actions were consistent with "KSP policy, procedure, and training" as well as not "malicious and/or in bad faith" are nothing more than impermissible legal conclusions that invade the province of the jury, they must be barred.[3]

### B. Nall May Not Opine That Plaintiff Exhibited "Tendencies That Were Violent in Nature"

Mr. Nall next seeks to improperly inform the jury that, "[a]ccording to the investigation and statements from Aaron Tucker, Plaintiff exhibited tendencies that were violent in nature." Dckt. 81 at 2. Experts are precluded from usurping the role of the jury by offering testimony that is unreliable. Fed. R. Evid. 702; *Brainard*, 432 F.3d at 663-64; *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 528-29. Nall testified at his deposition that he relied on internal affairs interviews for his review and did not conduct any independent interviews regarding the interactions between Plaintiff and Defendants. Ex. 1, Nall Dep. Tr. at 59. Thus, he has no personal knowledge as to whether Plaintiff exhibited violent tendencies. As such, it would be improper under FRE 702 to allow Nall to testify as an *expert* regarding his observations of Plaintiff's "resistance." At a minimum, this opinion would violate both the relevance and reliability requirements of expert testimony and should be precluded. *See Mem'l Hall Museum, Inc.*, 455 F. Supp. 3d at 364.

---

[3] Courts have recognized that an expert can offer opinions that may aid the jury in its application of a legal standard such as probable cause. *See, e.g.*, *Jimenez v. City of Chicago Heights*, 732 F.3d 710, 721 (7th Cir. 2013) (expert testimony about "reasonable investigative procedures and ways in which evidence from other witnesses did or did not indicate departures from those reasonable procedures" was proper admitted). But when an expert offers an opinion relevant to a legal standard, his role is "limited to describing the sound professional standards and identifying departures from them." *Id.* Nall has offered no such opinions here. These conclusory findings do not provide the factfinder with any helpful baseline against which to evaluate Defendant Tucker's level of deviation and must be precluded.

### C. Nall Also May Not Opine that Defendant Tucker's Strikes Were "Ineffective" and Did Not "Deter Plaintiff"

Nall also seeks to inform the jury that Defendant Tucker's strikes against Plaintiff were "completely ineffective in the video," which are also unreliable, disputed facts for a jury to determine. Ex. 2, Nall 5.28.2019 Memo at 3. Determining whether an expert's opinion is reliable requires the Court to decide whether an expert opinion "rests upon a reliable foundation, as opposed to, say, unsupported speculation." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529–30 (6th Cir. 2008) (citing Fed. R. Evid. 702). Here, Mr. Nall opines that Defendant Tucker's strikes against Heston were "completely ineffective" and "do not seem to deter SUSPECT HESTON'S continual resistance, nor do they appear to create marks or injuries to SUSPECT HESTON's face."[4] Ex. 2, Nall 5.28.2019 Memo at 3. Nall's opinions are nothing more than unsupported speculation. It should be left for the jury to decide the severity and extent of Defendant Tucker's assault on Plaintiff and any injuries sustained, especially given that these facts are disputed. *See* Fed. R. Evid. 702(a).

### II. Mr. Nall's Improper Opinions Rely in Part on Inadmissible, Unreliable Evidence

Mr. Nall's improper opinions also rely on inadmissible evidence. The main source of Nall's opinions is based on inadmissible statements from Defendant Tucker during the internal affairs investigation. Dckt. 81 at 2. Given Defendant Tucker's Fifth Amendment invocation, it would be completely prejudicial for Plaintiff to have Mr. Nall testify to unreliable, unsworn, unchallenged, and self-serving statements that Defendant Tucker made outside this lawsuit.

---

[4] Nall's memo is replete with other references that are equally inadmissible. For instance, he states that "SUSPECT HESTON continues to move in an aggressive way during the altercation," and that "Trooper Tucker's strikes do not appear to deter his resistance." Ex. 2, Nall 5.28.2019 Memo at 3.

As the Court is aware, FRE 702 and 703 do not permit the admission of materials relied on by an expert witness for the truth of the matter if the materials are otherwise inadmissible. *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994). While a general rule exists that an expert may base an opinion on otherwise inadmissible evidence, this Sixth Circuit line of cases does not stand for the proposition that "such inadmissible evidence need not be reliable since each of the cited cases involved expert opinions that were based on reliable information." *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 720 (6th Cir. 1999); *see also Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994) (court allowed experts' testimony based on their investigations of the airline's emergency landing, which included wiring diagrams, reports, tapes, pilots' statements, and various tests conducted on the airplane, but the court also noted that "Rules 702 and 703 carve out a narrow exception to the rule against the admission of hearsay."); 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6272 (1997) ("because Rule 703 permits expert testimony to be based on inadmissible evidence, the provision necessarily must concern itself with the reliability of that testimony…An expert opinion based on inadmissible evidence such as hearsay can pose the same sorts of reliability problems as the inadmissible evidence on which it is based.")

Against this backdrop, Mr. Nall seeks to offer opinions for which he cites inadmissible evidence, namely, "investigation and statements from Aaron Tucker." Dckt 81 at 2-3. As Defendant Tucker invokes the Fifth Amendment throughout this litigation, he should not be able to simultaneously backdoor such unreliable hearsay before the trier of fact through an expert witness. Indeed, "[t]hese cases do not remove from the court its obligation to ensure that the basis of an expert's opinion is both reliable and reasonable since none of the cases cited by the

majority involved the type of unreliable double, and, even, triple hearsay, involved in the case at bar." *Trepel v. Roadway Exp., Inc.,* 194 F.3d 708, 720 (6th Cir. 1999). Because *Daubert* requires "trial courts to exclude from trial expert testimony that is unreliable and irrelevant[,]" Plaintiff requests that this Court bar the admission of this proposed expert testimony that is inherently unreliable. *Mem'l Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 364–65 (W.D. Ky. 2020) (quoting *Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002). Mr. Nall's reliance on Defendant Tucker's unsworn statements outside the bounds of this lawsuit – while Tucker simultaneously invokes the Fifth Amendment – is squarely dependent on unreliable facts. As a result, his opinions should be barred.

### III. Allowing Mr. Nall to Testify to These Opinions as an Expert Would Unduly Prejudice and Confuse the Jury

Rule 403 provides for the exclusion of expert testimony where its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." Because "[e]xpert evidence can be both powerful and quite misleading," the court "exercises more control over experts than over lay witnesses" to mitigate this risk. *Daubert*, 509 U.S. at 595.

Several of Mr. Nall's opinions are not reliable or relevant. *See Daubert*, 509 U.S. at 595. First, Mr. Nall seeks to inform the jury that "[p]ortions of the interactions between Aaron Tucker and the Plaintiff are not verifiable through the recordings at the jail due to the quality and/or limitations of the video of the interactions." Dckt. 81 at 1. To the extent that Mr. Nall's opinion is accurate, then the jury can reach the same conclusion through their observation of the evidence at trial without expert assistance. *Berry v. City of Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994) ("If everyone knows [something], then we do not need an expert because the testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue.").

9

But Mr. Nall also seeks to improperly inform the jury that "Aaron Tucker was not provided training for the specific situation involving the Plaintiff at the jail." Dckt. 81. Whether Defendant Tucker was trained for the specific situation involving Plaintiff is not relevant to the issues at trial. Instead, a jury will hear the admitted evidence and consider what an objectively reasonable officer would do under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 388, (1989). Whether Defendant Tucker was adequately trained and/or complied with KSP policies and procedures has no relevance to such a determination. And for this reason, Mr. Nall's opinions regarding training also have no relevance at trial.

Finally, Mr. Nall opines that "Aaron Tucker would probably not have been terminated if he was past his probationary period." Dckt. 81 at 2. Whether Defendant Tucker would have been terminated outside of his probationary period is not a relevant issue at trial. Given this, the admission of such testimony would only seek to confuse the jury. It should, too, be barred.

In sum, allowing Mr. Nall to testify as an "expert" regarding irrelevant opinions would confuse the jury and risk unfair prejudice. *See Daubert*, 509 U.S. at 595. The jury should not be permitted to hear such irrelevant opinions at trial.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court preclude Mr. Nall from testifying to these issues cited above in this case.

Respectfully Submitted,

*/s/Elliot Slosar*

Jon Loevy
Mike Kanovitz
Elliot Slosar
Amy Robinson Staples
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
jon@loevy.com
mike@loevy.com
elliot@loevy.com
amy@loevy.com
Campbell@loevy.com

***Attorneys for Plaintiff Timothy Michael Heston***

## CERTIFICATE OF SERVICE

      I, Elliot Slosar, an attorney, hereby certify that on Aug. 2, 2024, I filed the foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of record.

*/s/ Elliot Slosar*
One of Plaintiff's Attorneys